# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TRENDnet, Inc.,<br><br>    Defendants. | Civil Action No. 6:12-cv-236<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") hereby makes and files this Complaint for patent infringement against Defendant TRENDnet, Inc. ("Defendant" or "TRENDnet"), respectfully showing the Court as follows:

## NATURE OF THE ACTION

1. Plaintiff USEI is a Tyler, Texas-based company that is the successor-in-interest to 3Com Corporation's Ethernet business, based on fundamental Ethernet technology developed by 3Com in the 1990s. USEI owns United States Patent Nos. 5,732,094 (the "'094 Patent"), 5,434,872 (the "'872 Patent"), and 5,307,459 (the "'459 Patent").

2. Defendant has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '094 Patent, the '872 Patent, and the '459 Patent in systems and methods without USEI's permission.

3. Plaintiff USEI seeks damages for Defendant's infringement of the '094 Patent, the '872 Patent, and the '459 Patent.

## PARTIES

4. Plaintiff USEI is a Texas limited liability corporation. USEI's principal place of business is in Tyler, Texas.

5. On information and belief, TRENDnet, Inc. is a corporation organized and existing under the laws of California, with a principal place of business at 20675 Manhattan Place, Torrance, California 90501. TRENDnet can be served with process through its registered agent, John Sy, at 362 W. Garvey Ave., Monterey Park, California 91754.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district because Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

9. Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products and systems that infringe the claims of the '094 Patent, the '872 Patent, and/or the '459 Patent; (2) the presence of established distribution channels in this forum; and/or (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

- 3 -

**PATENTS-IN-SUIT**

10. The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '094 Patent is attached hereto as Exhibit A.

11. The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

12. The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. A true and correct copy of the '459 Patent is attached hereto as Exhibit C.

13. USEI is the sole owner of the entire right, title, and interest in the '094 Patent, the '872 Patent, and the '459 Patent (collectively, the "Patents-in-Suit") by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendant's infringement.

**ACCUSED PRODUCTS**

14. Defendant imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in the Trendnet TV-IP400W IP camera and/or the Trendnet TE100-P1U print server (collectively, the "Accused Products").

## COUNT I

## **INFRINGEMENT OF U.S. PATENT NO. 5,732,094**

15.     USEI restates and realleges the allegations set forth in paragraphs 1 through 14 of this Complaint and incorporates them by reference.

16.     Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

17.     Defendant directly contributes and induces infringement through supplying infringing systems and components to Defendant's customers.  Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

18.     The acts of infringement of the '094 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by Defendant will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

19.     Defendant has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent.  The infringement of the '094 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,434,872

20. USEI restates and realleges the allegations set forth in paragraphs 1 through 19 of this Complaint and incorporates them by reference.

21. Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

22. Defendant directly contributes and induces infringement through supplying infringing systems and components to Defendant's customers.  Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '872 Patent, in violation of 35 U.S.C. § 271.

23. The acts of infringement of the '872 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by Defendant will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

24. Defendant has had actual or constructive knowledge of the '872 Patent, yet continues to infringe said patent.  The infringement of the '872 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 5,307,459

25. USEI restates and realleges the allegations set forth in paragraphs 1 through 24 of this Complaint and incorporates them by reference.

26. Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

27. Defendant directly contributes and induces infringement through supplying infringing systems and components to Defendant's customers. Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '459 Patent, in violation of 35 U.S.C. § 271.

28. The acts of infringement of the '459 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '459 Patent by Defendant will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

29. Defendant has had actual or constructive knowledge of the '459 Patent, yet continues to infringe said patent. The infringement of the '459 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, USEI prays for the following relief against Defendant:

A. A judgment that Defendant has directly infringed the '094 Patent, the '872 Patent, and/or the '459 Patent; contributorily infringed the '094 Patent, the '872 Patent, and/or the '459 Patent; and/or induced infringement of the '094 Patent, the '872 Patent, and/or the '459 Patent;

B. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

C. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendant as a result of Defendant's willful infringement;

D. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

E. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

F. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

G. A judgment and order requiring Defendant to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

H. A judgment requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

I. Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 2nd day of April, 2012.

       WARD & SMITH LAW FIRM

       /s/ John C. Herman (w/permission Wesley Hill)
       T. John Ward, Jr.
       (State Bar No. 00794818)
       Wesley Hill
       (State Bar No. 24032294)
       P. O. Box 1231
       Longview, Texas 75606-1231
       (903) 757-6400 (telephone)
       (903) 757-2323 (facsimile)
       jw@jwfirm.com
       wh@jwfirm.com

       and

       ROBBINS GELLER RUDMAN
         & DOWD LLP
       John C. Herman – LEAD ATTORNEY
       Ryan K. Walsh
       Peter M. Jones
       David L. Gann
       3424 Peachtree Street, N.E.
       Monarch Centre, Suite 1650
       Atlanta, Georgia 30326
       (404) 504-6500 (telephone)
       (404) 504-6501 (facsimile)
       jherman@rgrdlaw.com
       rwalsh@rgrdlaw.com
       pjones@rgrdlaw.com
       dgann@rgrdlaw.com

- 9 -

        Attorneys for Plaintiff
        U.S. Ethernet Innovations, LLC